## CIRCUIT COURT OF THE CITY OF WINCHESTER

Fansler

v.

Simpson

July 14, 1986

Case Nos. (Chancery) 85-CH-173, 85-CH-128

By JUDGE HENRY H. WHITING

The Court must decide when the remaindermen's interest in the following clause of a will became vested:

> Third. I give and devise all of my real estate to my said wife to have, hold and control (*sic*) the same for and during the period of her natural life, and upon the death of my said wife I devise my real estate share and share alike to my two daughters Mary Magdelen Fansler and Martha Christina Fansler. If either of said daughters should die before my wife leaving a child or children it is my wish that said child or children shall inherit the mother's share. If however either of my said daughters should die childless then her share shall pass to her surviving sister; or if no sister surviving then to pass to her nieces and nephews.

The parties agree on the rule of law applicable, the law favors early vesting, *Clark v. Whaley*, 213 Va. 7 (1972), but will delay a vesting or enforce a condition subsequent to vesting if clearly expressed by the testator. *James v. Peoples National Bank*, 178 Va. 398 (1941); Harrison on Wills (2d ed. 1961), § 353, page 74.

The will, though probably drawn by a lawyer,[1] is ambiguous because subject to at least two constructions in this instance. We have four possible contingencies affecting the ultimate vesting of the remainder interest.

(A) Death *Prior* to Life Tenant:

(1) A daughter dies prior to the mother, childless--clearly the surviving daughter inherits upon the mother's death.

(2) A daughter dies prior to the mother, survived by a child--clearly her child takes *if* the child survives the life tenant.

(B) Death *After* the Life Tenant:

(3) A daughter dies after her mother, survived by a child--clearly that child takes in this case, perhaps not through the will in question but through the daughter's will or intestacy.

(4) A daughter dies after her mother, with a child surviving. This is the case in point--does the daughter have to pass *two* vesting qualifications: first, survival of the life tenant; second, children surviving *her* death?

We are faced with a construction problem; there can be no doubt that each daughter received a vested remainder subject to being divested upon dying prior to their mother, the life tenant. Both survived their mother but one died without issue and the surviving daughter claims her sister was subject to a *second divesting* event, death "childless," even though after her mother's death.

If the testator intended *two* vesting periods, I believe he would have been much more explicit, not only in specifically naming the two periods but also in property management language, since he must have known that these two daughters would not have been able to sell or partition (as they did) their interests during their lives and they would undoubtedly hold it for many years after their

---

[1] Although counsel probably do not know it, the Court knew Messrs. Reardon and Lynch to be two lawyers practicing in Winchester, up until the late 1930's for Mr. Lynch and the early 1950's for Mr. Reardon, and Miss Kelchner to have been a legal secretary to one of them. Obviously no judicial notice could be taken of this, but I invite counsel to confirm this with either Judge Edwards or Mr. Sloan Kuykendall, our two senior bar members, and stipulate it in the final decree.

mother's death. (It turned out to be from November 27, 1951, to December 16, 1984, 33 years.) There is nothing in the will authorizing the partitioning of the property, and if the surviving daughter prevailed the deeds she gave (and received) were without authority and she may recover at least her sister's share of her subsequent conveyance to a third party--probably not her own share of that property because of an estoppel by her deed.

The form of the will itself, containing all the disputed language in one paragraph, clearly devising a life estate to the wife, remainder to the two daughters on the wife's death and providing for two situations upon a child's death prior to coming into possession of the remainder interest, appears to subordinate those two situations to the main event described--the life tenant's death. Those two situations are, first, a death with surviving children and, secondly, a death without surviving children. Of course, it would have been clearer if both had been contained in the same sentence or the vesting event had been mentioned again in the second sentence. A fair reading of the entire will convinces me that the testator was thinking of only *one* event--the death of his wife, the life tenant of *all* of his property and its *division at that time* to the two daughters. If one daughter had predeceased her mother, he wanted her child to have it; if there was no child living at that time, then the sister, or her children if she had also died, at that time were to have the entire property.

I find that there is no clear intent deferring the vesting, as contended by the surviving daughter, and that the testator intended an early vesting upon the death of his widow.